# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

  v.                                Case No.    05-C-0155
                                                     (00-CR-242)

**TROY C. WILLIAMS,**

        **Movant.**

## DECISION AND ORDER

Troy C. Williams ("Williams") is currently incarcerated at the Federal Correctional Institution, Victorville in Adelanto, California. This Court entered judgment against Williams on December 12, 2001, sentencing him to life imprisonment for conspiring to distribute cocaine and selling, distributing or dispensing the same in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A) and 21 U.S.C. § 846. Williams subsequently appealed his sentence and, by order of the Court of Appeals dated August 18, 2003, his sentence was affirmed. *See United States v. Knight*, 342 F.3d 697 (7th Cir. 2003). Williams, in a filing dated February 8, 2005, moved this Court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The Court dismissed that motion under Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Most recently, Williams filed a motion pursuant to Fed. R. Civ. P. 59(e) (or 60(b)) and asked the Court to vacate or

set aside its Rule 4 dismissal of his § 2255 motion. Insofar as that motion raised new arguments supporting Williams's request for relief under § 2255, the Court recharacterized Williams's filing as a successive motion and dismissed it for lack of jurisdiction on April 5, 2005.

On May 9, 2005, this Court received Williams's Notice of Appeal. Williams seeks a certificate of appeal in order to take his arguments before the Seventh Circuit Court of Appeals. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22 ("If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue."). The Court, having reviewed Williams's submissions and its own decisions, will not issue the certificate.

A certificate of appealability should not issue in this case for one very simple reason. The Seventh Circuit has settled the law as it applies to Williams–*United States v. Booker*, __ U.S.__, 125 S.Ct. 738 (2005) does not apply to cases decided before January 12, 2005. There is no reason for Williams to take his case to the Seventh Circuit to hear it from them; they have already said it. *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005). Furthermore, the Seventh Circuit, when considering Williams's direct appeal, clearly stated that *Apprendi* did not apply to Williams's sentence because the sentence he received did not exceed the statutory maximum. *See Knight*, 342 F.3d at 714. That is the law of the case and not open to attack. Finally, case law in this Circuit makes clear that ineffective assistance of counsel claims cannot be premised on the claimed failure to anticipate the holding of

2

*Booker*. Similar arguments were rejected in the wake of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *See Valenzuela v. United States*, 261 F.3d 694, 700 (7th Cir. 2001).

The Court found that Williams's § 2255 motion clearly did not entitle him to relief, and his subsequent motion to reconsider likewise was unfounded and merely attempted to make new arguments after his original efforts proved unavailing. For the same reasons laid out in its prior opinions adjudging Williams's motions, the Court will not issue a certificate of appealability. Nevertheless, now that this Court has denied his request, Williams may petition a judge on the Seventh Circuit to issue him a certificate of appealability. Fed. R. App. P. 22 ("If the district judge has denied the certificate, the applicant may request a circuit judge to issue the certificate.").

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Williams's Request for a Certificate of Appealability is **DENIED**.

Dated at Milwaukee, Wisconsin this 11th day of May, 2005.

        **BY THE COURT**

        s/ Rudolph T. Randa
        **Hon. Rudolph T. Randa**
        **Chief Judge**